*Filed in open court This 10th January, 2018.* nms.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | **CRIMINAL ACTION NO. 17-37-RGA** |
| | : | |
| **ERIC KAPPESSER,** | : | |
| | : | |
| **Defendant.** | : | |

### MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorneys, David C. Weiss, Acting United States Attorney for the District of Delaware, and Lesley F. Wolf, Assistant United States Attorney, and the Defendant, Eric Kappesser, by and through his attorney, Dina Chavar, Esquire, the following agreement is hereby entered into by the respective parties in accordance with Federal Rule of Criminal Procedure 11:

1.     By this Plea Agreement, the Defendant agrees to enter a voluntary plea of guilty in the United States District Court for the District of Delaware to Count One of the Indictment in Criminal Action 17-37-RGA, which charges the Defendant with Impersonation of a Federal Official, in violation of Title 18, United States Code, Section 912.

2.     The Defendant understands that the charge to which he is pleading guilty in Count One of the Indictment carries the following maximum statutory penalties: three (3) years imprisonment; one (1) year of supervised release; a $250,000 fine; and a $100 special assessment.

3.     The United States agrees to dismiss Counts Two and Three of the Indictment at or near the time of sentencing.

1

4.       The Defendant understands that if he were to proceed to trial, the United States would have to prove each of the following elements of the offense beyond a reasonable doubt: (1) the defendant pretended to be a federal agent; (2) such pretense was false and defendant knew it to be false; and (3) the defendant, while so pretending, acted with the intent to cause a person to follow some course of action or inaction.

5.       The Defendant knowingly, voluntarily, and intelligently admits that he is guilty of Count One and the facts as set forth in the Indictment as to all Counts.

6.       Provided that the Government does not subsequently learn of conduct by the Defendant inconsistent with acceptance of responsibility, the Government agrees that in consideration of the Defendant's timely guilty plea, it will not oppose a two-level reduction in the Offense Level for the Defendant's affirmative acceptance of responsibility, pursuant to Sentencing Guideline Section 3E1.1(a).  Further, if it is determined that the Defendant's Offense Level, prior to the application of the aforementioned two-level reduction, is Level 16 or greater, the Government agrees to move for the reduction of the Offense Level by one additional level, pursuant to Sentencing Guideline Section 3E1.1(b), for a total reduction of three levels.

7.       The Defendant understands that the District Court must consider the United States Sentencing Guidelines and the factors set forth in Title 18, United States Code, Section 3553(a) in determining an appropriate sentence.  The District Court may impose a sentence which exceeds, falls below, or is contained within the sentencing range prescribed by the Sentencing Guidelines.  The Defendant expressly acknowledges that if the Court imposes a sentence outside the range set forth in the Sentencing Guidelines, or otherwise different than the Defendant expected, or contrary to the recommendation of his attorney or the United States, the Defendant will not be allowed to withdraw his guilty plea on that basis.

2

8.      This Memorandum expressly incorporates Attachment A, which is attached hereto and filed under seal. The government routinely files such an attachment, even though it may or may not contain additional terms. To the extent, however, that Attachment A contains additional terms, the parties acknowledge and agree to be bound by those terms.

9.      The United States explicitly retains the right to make whatever recommendations at the time of sentencing that it believes are appropriate and to defend the rulings of the District Court during any subsequent proceeding.

10.     Defendant knows that he has, and voluntarily and expressly waives, the right to file any appeal, any collateral attack, or any other writ or motion after sentencing – including, but not limited to, an appeal under 18 U.S.C. Section 3742 or 28 U.S.C. Section 1291, or a motion under 28 U.S.C. Section 2255. However, not withstanding the forgoing, the defendant reserves his right to file a collateral attack on the grounds of ineffective assistance of counsel, and the defendant reserves the right to appeal only if (i) the government appeals from the sentence; (ii) Defendant's sentence exceeds the statutory maximum for the offense set forth in the United States Code; or (iii) the sentence unreasonably exceeds the Sentencing Guidelines range determined by the District Court in applying the United States Sentencing Guidelines.

11.     Defendant agrees to pay the Special Assessment of $100 at the time of sentencing. If the Court orders the payment of any fine as part of the Defendant's sentence, the Defendant agrees voluntarily to enter the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect a portion of the Defendant's prison salary and apply it on the Defendant's behalf to the payment of the outstanding debt ordered.

12.     It is further agreed by the undersigned parties that this Memorandum- together with sealed Attachment A- supersedes all prior promises, representations, and statements of the

3

parties; that this Memorandum may be modified only in writing signed by all the parties; and that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever, unless they comport with the subsequent written modification requirements of this paragraph.

DAVID C. WEISS,
Acting United States Attorney

_____        By: _____
Dina Chavar, Esquire                         Lesley F. Wolf
Attorney for Defendant                       Assistant United States Attorney

_____             Dated: _____
Eric Kappesser                                      1/10/18
Defendant

**AND NOW**, this ___10___ day of ___January___, 2018, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

_____
HONORABLE RICHARD G. ANDREWS
UNITED STATES DISTRICT JUDGE

4