**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Criminal Action No. 17-37-RGA |
| | : | |
| ERIC KAPPESSER, | : | |
| | : | |
| Defendant. | : | |

**DEFENDANT'S SENTENCING MEMORANDUM**

Eric Kappesser, for as long as he can remember, wanted to serve in the armed forces and make military service his career. He was on his way to achieving that goal when a serious injury led to a prescribed treatment of pain pills – Percocet. While his story may not be unique, it's commonality makes it no less true. He became addicted; his life began to fall apart. Achieving his lifetime goal of being career military was lost to him. Mr. Kappesser is before this Court for sentencing on conduct that stemmed from his drug addiction. He has been in custody for almost 5 months – in addition to the almost 5 months he spent in an inpatient facility on a dual diagnosis treatment plan during the pretrial period of this case. The advisory guidelines are 0-6 months. A sentence of time-served, is sufficient, but not greater than necessary, to achieve the statutory directives set forth in 18 U.S.C. § 3553(a).

**I.   PERSONAL HISTORY AND CHARACTERISTICS**

Eric Kappesser was raised by parents who love him, and who gave him every opportunity they could provide. It can fairly be said that Eric was raised in a military family. His father worked

for the CIA (Central Intelligence Agency) until his retirement. His grandfather was a Navy SEAL (Navy Sea, Air to Land Teams). Eric intended to follow in his grandfather's footsteps and to become a SEAL. Until a night in Chicago with fellow sailors, and his involvement in a brawl in a McDonalds near Wrigley Field, turned his life upside down and put an end to his dreams.

His father's position with the CIA required the family to relocate frequently. Nonetheless, Eric was well-adjusted regardless of the frequent relocations – from Miami to Madrid, Spain to Amman, Jordan to Stevensville, Maryland to Frankfurt, Germany to England to Williamsburg, Virginia – all before he was 18-years old. During those years, he gained a private school education and became fluent in Spanish and German, without any brushes with the law or any disciplinary actions at school.

At 20-years old, Eric was well on his way to achieving his goal to become a Navy SEAL. He completed basic training and the Naval Special Warfare Preparatory School, a required 2-month introductory course towards becoming a Navy SEAL. On November of 2010, while in Chicago on a training mission with other naval candidates, Mr. Kappesser became involved in an altercation, more aptly described as a brawl due to the number of participants and the severity of injuries to those involved, which would become the beginning of the end of all Mr. Kappesser's dreams.

During the brawl, Eric sustained a knife wound to his face and to his back. The repercussions of that brawl would remain with Eric, and mark his life as permanently as the scars from the knife wounds will forever mark his body. He was treated for those injuries at a hospital in Chicago. Upon his release, having physically survived the injuries, the death of Eric's career goals became the collateral damage from that altercation which would not survive. His SEAL training was put on hold, in part due to the injuries, and in part due to the fact that he was involved

in the altercation. Eric probably could have survived that setback, and maybe get himself back on track in the SEAL training program, but for the Percocet.

It is easy to conclude that injuries such as those sustained by Eric would be painful. Of course, that pain would be treated with a pain killer, such as Percocet. However, Eric became addicted to them. And, from that point on, his life changed dramatically. He went from being a young man dedicated to completing the intense training program required to become a Navy SEAL in order to serve his Country, to becoming a drug addict instead. After that event and those injuries, Eric's life was that of an addict.

Within a year after being released from the hospital, he was discharged from the Navy on an "other than honorable" discharge. The discharge followed his arrest for unlawful use and possession of a controlled substance, which is a violation of the Uniform Code of Military Justice. Every dream, every goal he set for himself, every life-plan he had, was grounded in military service. All of that was gone when he was discharged due to drug use. Eric still has not found his way back from that fall. Eric still struggles with drug use, partly due to addiction, but probably also due to the crutch drug use became to cope with the great disappointment of losing the opportunity to serve in the military.

In that year, 2011, his military career was only one of several difficult losses Eric was left to face. While still enlisted, shortly before his discharge, he married Milagros Acosta-Flores. He has a son, Ezra, now age seven, from that marriage. Unfortunately, he has no contact with his son, although he desperately would like that to change. The marriage was not a good one. It was volatile. Apparently, she had a drinking problem and he had a drug problem – a dangerous combination. The combination between the two of them and their addictions often resulted in violence, as reported in the presentence report.

After being discharged from the military, the breakdown of his marriage and facing domestic violence charges, Eric returned home to his parents in Stevensville, Maryland in 2012. He had hoped that living with his parents would help him to center his life. Unfortunately, though, he floundered rather than flourished while living with them. Over the five years from when he moved to his parents' home in 2012 to his arrest in this case in 2017, Eric's life continued on a downward spiral. His drug use grew. As a result, he could not maintain any job for longer than a year. He could not sustain a meaningful relationship with a woman. And, his once law-abiding life was steadily becoming one of frequent brushes with the law.

Eric never got past losing his opportunity for a career in the armed forces. As his disappointment and depression grew, so did his drug use. He never found an alternative career to motivate him past that loss of a military career. He found himself a young man unable to do the only thing he ever wanted to do, with no ambition to do anything else. Without having any replacement for that loss, his feelings of failure grew, as did his drug use. Given his life experience, it is not difficult to understand why he began posing and representing himself as an FBI agent. Eric would often present himself to treatment centers, hospitals as well as random individuals as an FBI agent in need of money to purchase his prescription drug.

After serving approximately 3 months in pretrial detention in this matter, Eric was placed in a dual diagnosis program at Gaudenzia in Baltimore, Maryland for approximately four months. It is unfortunate, to say the least, that he was not able to complete the program before being terminated. Everything about Eric's behavior and the offense conduct at issue here, screams of person in need of help. Eric needs to come to terms with the disappointments in his life, the fact that he will never be able to serve in the military, and to find an alternative career goal. Eric needs help. He has received punishment. He has served very close to the top of the advisory range for

this offense. What he needs now, is not more punishment, but rehabilitation. He needs the chance to start a new life, on a new path, and to come to terms with the loss of the path he had grown-up with thinking he would travel.

## II.     A SENTENCE OF TIME SERVED WOULD BEST SERVE THE PURPOSES OF SENTENCING

Section 3553(a) instructs the Court to impose a sentence that is sufficient, but not greater than necessary, to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence to criminal conduct, protect the public, and provide the defendant with needed correctional treatment. 18 U.S.C. § 3553(a). While not disputing the seriousness Mr. Kappesser's offense, a sentence of time sey rved is sufficient, but not greater than necessary, to achieve the above-stated sentencing objectives.

Mr. Kappesser has been punished. He has been incarcerated at the Federal Detention Center in Philadelphia for approximately 5-months, which is only one-month short of the top of the advisory guidelines range of 0-6 months. Having spent time in prison, and having lost certain civil rights as a result of the felony conviction, Mr. Kappesser has been deterred from committing further crimes. Mr. Kappesser understands that he need help. He has asked that treatment therapy be made a part of his supervised released. He has been clean for approximately 10 months, and very much wishes to remain clean. However, he recognizes that once on the outside his desire to maintain sobriety will be tested. As such, he requests that the Court order drug , as well as mental health treatment therapy, as a part of his supervised release conditions to help him maintain sobriety.

      For all of the reasons stated above, a sentence of time-served, which is just one-month short of the top of the advisory guidelines, is sufficient to achieve the statutory goals of sentencing.

                                Respectfully submitted,

Dated: <u>February 16, 2018</u>      By: <u>/s/ *Dina Chavar*</u>
                                        DINA CHAVAR, ESQUIRE
                                        Law Office of Dina Chavar
                                        1006 North Orange Street
                                        The Nemours Building, 4th Floor
                                        Wilmington, DE   19801
                                        302-256-0804
                                        dina@dinachavar.com